FAVER SCHULER v. J. B. MAYO.

[Abstract Kentucky Law Reporter, Vol. 5—331.]

**Service of Process on Infants.**
>    Where infants less than fourteen years of age reside with and
> are in the custody of their mother, who as representative of their
> father's estate is plaintiff in an action to sell the real estate be-
> longing to the mother and children, process served on each of the
> children and on their mother is sufficient to bring them into court;
> and a guardian ad litem should then answer for them, but under the
> amendment of January 16, 1882, the clerk appoints a guardian ad
> litem for such children and directs process to be served on him
> where the mother is plaintiff in the action.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 30, 1883.

OPINION BY JUDGE PRYOR:

The appellee, Mayo, sold to the appellant, Schuler, a tract of four
hundred seventy-five acres of land, three hundred thirty-five acres
of which Mayo had purchased of Alonzo Taylor, and Taylor ac-
quired his title at a sale made by the marshal of the Louisville
Chancery Court in case No. 31,849 of *Mayo's Admx. v. Rebecca J.
Mayo.* That action was instituted by the administratrix, who was
also the widow of the decedent, against his heirs and creditors for
a settlement of the estate, and to subject the realty to the payment
of the debts, the personal estate being insufficient for that purpose.

Walter P. Mayo, the intestate, left surviving him his widow and
three infant children, Virginia, Rebecca and Walter, all under the
age of fourteen, at and during the progress of the action in the name
of their mother as the personal representative of their father for the
sale of his realty. They were made defendants and served each
with a summons by delivering a copy to each infant, and by deliver-
ing a copy also to the mother, Bettie Mayo, their statutory guardian,
their father being dead. This all appears from the return made by

the marshal, showing the service and the manner of service on the infants. ·The appellant, Schuler, insists that as the action for the settlement of the estate of Walter Mayo was instituted after the present code of practice went into effect, the infants being under fourteen, service on them personally was no service at all. The question then arises, on whom should the summons have been served in order to get these infants before the court?

The Civil Code (1876), § 52, provides: "If the defendant be under the age of·fourteen years the summons must be served on his father.; or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him." In this case the mother, who was also the guardian, or at least who had the care and custody of the children (the father being dead), was served with process for and on behalf of the infants as required by the section of the code referred to, but not only so, the children were served by delivering a copy to each one, and a guardian ad litem appointed to defend.

The requirements of the code were not only complied with, but the former chancery practice as to the manner of service and defense for the infants strictly pursued. If, therefore, the mother being the plaintiff in the action could not represent the infants in court the defect was cured by adopting the ancient practice, of actual service on the infant and a guardian ad litem to defend. The infants were necessary parties to the action, and if the provisions of the code fail to embrace a state of case where the father or mother is suing the infant it then necessarily follows that the former practice must prevail.

In the case of *Sawyer v. Guscurth,* 11 Ky. Opin. 498, 3 Ky. L. 592, the statutory guardian was attempting by a cross-action to sell the estate of the infants, and to that action they were not made defendants, and this court held for that reason the judgment selling the land was void. It was also said in the opinion that the mother, being the plaintiff in the original action, the process should have been served on the guardian or other person described in the code whose interest was not adverse to the infants. This was proper, for if the infant had a guardian the guardian should have been served with the summons and not the mother. In this case the mother was the custodian of the children and also the statutory

guardian, so she was the only party who could properly represent them if we are required to follow the provisions of the code.

The infants were in court by service on the mother for all the purposes of a valid judgment, at least to the extent of protecting the purchaser. Neither the father, mother nor guardian should be permitted to prosecute a claim for their own benefit against the infant, and to bring him into court by service of process on themselves when they are the plaintiffs. There being no provision in the code at the time the suit for the settlement of the estate of Mayo was instituted regulating the manner of service where the father, mother or guardian survive the infant, the former practice of bringing such parties before the court should have been pursued. This omission, however, in the code has been supplied by an amendment passed January 16, 1882, requiring the clerk to appoint a guardian ad litem for the infants in such cases and directing the summons to be served on him. See I Acts 1881, ch. 56.

This court held in *Spencer v. Milliken,* 4 Ky. L. 856, in discussing a question bearing some analogy to the case before us, that the sale of the land was not void. It was also adjudged prior to the adoption of the code, that a judgment was not void, although there was no service on the infant, there having been a guardian ad litem appointed who made defense. *Downing's Heirs v. Ford,* 9 Dana (Ky.) 391; *Bustard v. Gates,* 4 Dana (Ky.) 429.

In a case like this, where the code has been strictly pursued and the purchaser has parted with his money and the sale has been confirmed, the chancellor would be reluctant to adjudge that the claim of the mother being hostile to that of the infants the judgment was for that reason void. In fact, we see no interest or claim on the part of the mother adverse to the infants in a case like this. The purpose was to pay the debts of the decedent. The infants were before the court and represented by a guardian ad litem. This guardian made the usual defense, and the rights of the infants were fully protected.

It is further argued that the sale was void because Civ. Code 1876, § 36, subsec. 3, was not complied with. That subsection provides that "No judgment shall be rendered against an infant—other than a feme covert— * * * until the regular guardian, or committee, or guardian ad litem, of such defendant, shall have made

defense, or have filed a report stating, that, after a careful examination of the case, he is unable to make defense."

The usual defense by the guardian, it is said, is not a compliance with this provision; that the guardian must set forth some special reason why judgment should not go, or report that he has no defense to make. We can not place any such construction on the provision cited. The general traverse places the burden on the party suing the infant to make out his case, and the want of knowledge on the part of those representing infants as to the facts of the case or the rights of the infants renders it essential that such an answer should be filed; and if the answer is defective or the provision of the code is to be construed, as counsel thinks it should be, the proceeding would be voidable and not void. The judgment could not be subjected to a collateral attack but would be erroneous only.

In our opinion the judgment below was proper and is *affirmed*.

*A. A. Stoll, G. A. Winston, for appellants.*

*Jas. S. Pirtle, for appellees.*

[Cited, *Boro v. Holtzhauer,* 23 Ky. L. 2317, 67 S. W. 30.]